IRVING, J„
 

 for the Court:
 

 ¶ 1. This appeal arises out of the Hancock County Solid Waste Authority's (the Authority) decision to revise a proposed amendment to the Hancock County Solid Waste Management Plan. The original proposal included a site owned by Haas Trucking, Inc., but the site was
 
 not
 
 included in the revised proposal.
 
 [1]
 
 Feeling aggrieved, Haas Tracking appeals and asserts that the Hancock County Circuit
 
 *855
 
 Court erred in finding that the Authority’s revised proposal is legitimate.
 
 [2]
 

 ¶ 2. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. In February 2006, the Authority put out a public notice, seeking applications “from developers and operators for Class I rubbish sites in Hancock County, Mississippi.” The notice stated that the Authority would “review all requests and make a determination of need as to whether additional sites are needed and/or will be included in the application process for a plan amendment.” Haas Trucking submitted a request seeking inclusion of their site in the amendment. Where the application requested a “brief description of the need for the proposed facility,” Haas Trucking stated that their site was a “[g]ood location for possible future landfill services in the buffer zone.” Haas Trucking was included as a Class I rubbish site in the proposed plan amendment; an engineering firm that helped the Authority select the sites stated that the Haas Trucking site would “provide the citizens of Hancock County a conveniently located landfill that will reduce transportation cost[s].” Boudin Environmental also requested, and was granted, inclusion as a site in the proposed amendment.
 

 ¶ 4. In November 2006, the Authority ratified its proposed amendment. On December 21, 2006, the Authority submitted the ratified proposal to the Mississippi Department of Environmental Quality (MDEQ). As submitted, the proposed amendment suggested the establishment of eight additional waste-disposal sites, including the sites owned by Haas Trucking and Boudin Environmental. At the time of the proposal, one Class I rubbish site was already in operation in Hancock County-
 

 ¶ 5. According to Mississippi Code Annotated section 17-17-227(6) (Supp.2009), the MDEQ must either accept or reject a proposal, by means of an order, within one hundred and eighty days of the proposal’s submission. However, instead of issuing an order accepting or rejecting the proposal, the MDEQ sent a letter, dated February 26, 2007, to the Authority expressing concerns over the number of sites included in the proposal. The MDEQ further offered the support and aid of an engineering firm, Neel-Schaffer Engineers. The record indicates that the Authority chose to accept the aid of Neel-Schaffer.
 

 ¶ 6. On June 21, 2007, Neel-Schaffer presented the Authority with a recommendation of three sites that the firm believed would meet Hancock County’s waste-management needs. On August 21, 2007, after reviewing Neel-Schaffer’s recommendations, the Authority ratified a revised plan amendment to propose to the MDEQ.
 
 [3]
 
 Instead of the eight sites that were originally proposed, the revised proposal contained only one additional Class I rubbish site, the “King site.” Neel-Schaffer had recommended the King site, as well as two other sites, for a number of reasons. None of the three sites recommended by Neel-Schaffer were owned by Haas Trucking or Boudin Environmental.
 

 ¶ 7. On August 30, 2007, Haas Trucking filed a notice of appeal in the circuit court, giving notice of its “intent to appeal [the] decision of the Hancock County Solid Waste Authority, dated Aug[ust] 21,
 
 *856
 
 2007.... The contested decision involved Appellant’s request to have Hancock County’s Solid Waste Management Plan amended to designate Appellant’s property as a Class I landfill.” On November 19, 2008, Boudin Environmental filed a motion in the circuit court to intervene in Haas Trucking’s appeal. At a hearing the following day, the circuit court denied Boudin Environmental’s motion but allowed it to file an amicus curiae brief.
 

 ¶ 8. On February 9, 2009, the circuit court issued an order affirming the decision of the Authority. The circuit court found that the Authority’s decision to adopt the King site as the only proposed site to add to the waste-management plan “clearly lays out the reasons and evidence support [sic] the Authority’s decision to select the King Site as a Class I rubbish site, to the exclusion of other applicants.” It is from that order that Haas Trucking appeals.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 9. Our supreme court has explained the standard of review that applies when dealing with the decision or order of an administrative agency:
 

 [An appellate court] will reverse the decision of an administrative agency only if the decision (1) was unsupported by substantial evidence; (2) was arbitrary and capricious; (3) was beyond the power of the administrative agency to make; or (4) violated the complaining party’s statutory or constitutional right.
 
 Hinds County Sch. Dist. Bd. of Trs. v. R.B. ex rel. D.L.B.,
 
 10 So.3d 387, 394-95 [(¶ 17)] (Miss.2008). An agency may not adopt rules and regulations which are contrary to statutory provisions or which exceed or conflict with the authority granted by statute.
 
 Miss. Pub. Serv. Comm’n v. Miss. Power & Light Co.,
 
 593 So.2d 997, 1000, 1004 (Miss.1991). “[A]n agency’s rule-making power does not extend to the adoption of regulations which are inconsistent with actual statutes.”
 
 Tillmon v. Miss. State Dep’t of Health,
 
 749 So.2d 1017, 1023 [(1124)] (Miss.1999) (citing
 
 State ex rel. Pittman v. Miss. Public Serv. Comm’n,
 
 538 So.2d 367, 373 (Miss.1989)).
 

 An agency’s interpretation of a rule or statute governing the agency’s operation is a matter of law that is reviewed de novo, but with great deference to the agency’s interpretation.
 
 Sierra Club v. Miss. Envtl. Quality Permit Bd.,
 
 943 So.2d 673, 678 [(¶ 10)] (Miss.2006) (quoting
 
 McDerment v. Miss. Real Estate Comm’n, 748
 
 So.2d 114, 118 [(¶ 9)] (Miss.1999)). This “duty of deference derives from our realization that the everyday experience of the administrative agency gives it familiarity with the particularities and nuances of the problems committed to its care which no court can hope to replicate.”
 
 Gill v. Miss. Dep’t of Wildlife Consenation,
 
 574 So.2d 586, 593 (Miss.1990). However, if an agency’s interpretation is contrary to the unambiguous terms or best reading of a statute, no deference is due.
 
 Siena Club,
 
 943 So.2d at 679 [(¶ 17)].
 

 Miss. Methodist Hosp. & Rehab. Ctr, Inc. v. Miss. Div. of Medicaid,
 
 21 So.3d 600, 606-07 (¶¶ 14-15) (Miss.2009).
 

 ¶ 10. The sole question in this appeal is whether the Authority’s 2007 proposed amendment of its twenty-year waste-disposal plan was appropriate. Haas Trucking and Boudin Environmental assert a number of arguments as to why the Authority was without authority to reject or revise its 2006 proposed amendment.
 

 ¶ 11. The contention that underlies most of Hass Trucking’s arguments is that the existence of the Authority’s 2006 proposed amendment, which was never offi-
 
 *857
 
 dally rejected by the MDEQ, somehow necessitates a finding that the 2007 proposal is invalid. Notably, Haas Trucking contends (1) that the proper procedures were not followed in regard to the 2006 proposal, (2) that the letter sent from the MDEQ finding fault with the 2006 proposal was “an unauthorized exercise of administrative decision-making authority,” and (3) that the doctrine of res judicata bars the 2007 proposal.
 

 ¶ 12. Mississippi Code Annotated section 17-17-227(6) states, in pertinent part, that:
 

 Upon ratification of the plan, the governing body of the county, authority or district shall submit it to the commission for review and approval.... The commission shall,
 
 by order,
 
 approve or disapprove the plan within one hundred eighty (180) days after its submission. The commission shall include with an order disapproving a plan a statement outlining the deficiencies in the plan and directing the governing body of the county, authority or district to submit, within one hundred twenty (120) days after issuance of the order, a revised plan that remedies those deficiencies.
 

 (Emphasis added). Therefore, after the Authority submitted its proposed amendment in 2006, the MDEQ had one hundred and eighty days in which to respond to the proposal with an order either rejecting or accepting the proposal. However, no such order was ever issued by the MDEQ. Haas Trucking contends that the non-existence of such an order means that the 2006 proposal is still viable and, in fact, prohibits the Authority from submitting a different proposal.
 

 ¶ 13. While the MDEQ should have issued an order denying or approving the 2006 proposal, we cannot find that the failure to do so means that the MDEQ implicitly accepted the 2006 proposal. No statute states that a faitee of the MDEQ to respond in accordance with the statutory guidelines constitutes an acceptance of a submitted proposal. In the absence of some statutory impetus, we will not find that the absence of an order regarding a proposal constitutes an acceptance of that proposal. The same statute that states that the MDEQ’s rejection of a proposal must be done by means of an order also states exactly the same regarding the MDEQ’s acceptance of a proposal. In the absence of an order accepting the 2006 proposal, we find that it remained merely a proposal, subject to revision or alteration by the Authority, taking into account any discussion or guidelines offered by the MDEQ.
 

 ¶ 14. Thus, we find no merit to any contention that the 2007 proposal was invalidated by the 2006 proposed amendment. Haas Trucking and Boudin Environmental also argue, however, that the Authority’s decision not to include them in the 2007 proposed amendment was arbitrary and capricious. We find no merit to this contention, either.
 

 ¶ 15. In its report to the Authority, Neel-Schaffer noted the following about the King site:
 

 The King Site is located in the southern part of the [cjounty near the centers of waste generation. The site works well in tandem with the [existing disposal] site since the site is located south of I-10. Recently traffic congestion issues along Highway 43 through Kiln created transportation problems for rubbish disposal at the [existing site]. Even though the Mississippi Department of Transportation has plans to upgrade the corridor, the location of the King Site gives an advantage with regard to traffic congestion.
 
 *858
 
 Being located near the centers of waste generation gives the Site an advantage to serve with good factors considering transportation economics.
 

 A “Rubbish Site Evaluation Matrix” prepared in June 2007, presumably by Neel-Schaffer, showed that the Haas Trucking site had been rated as having a “good” condition for siting only in regard to expandability. Every other consideration in the matrix, such as accessibility, capacity, and transportation economics was rated only as “fair.” The King site, by contrast, was rated as “excellent” regarding expandability and as “good” in every category except capacity, in which it received a rating of “fair.” The Boudin Environmental site received a rating of “good” in three categories, a “fair” rating as to capacity, and was found to be “poor” in regard to expandability and coordination with other solid-waste activities. Of all of the sites evaluated, the King site received the best overall ratings.
 

 ¶ 16. It was not only Neel-Schaffer that provided positive data regarding the King site; the 2006 report that was prepared by a different engineering firm found that the King site had the second-greatest potential annual waste capacity
 
 [4]
 
 and a facility life of forty-five years. Although Haas Trucking’s site was rated as having fifty years of facility life, its estimated annual waste capacity was one-half to one-quarter that of the estimate for the King site. In other words, even the 2006 engineering report fomid that the King site would provide far better long-term capacity than either the Haas Trucking site or the Boudin Environmental site.
 
 [5]
 

 ¶ 17. The minutes from the Authority’s August 2007 meeting, wherein the Authority voted to include the King Site in its 2007 amendment, state that the Authority considered the following in choosing the King site: (1) its accessibility “from major transportation corridors”; (2) its location in southern Hancock County; (3) the convenience of the site; (4) the large amount of land area possessed by the King site; and (5) the lessening impact that the King site would have on traffic congestion. The minutes also state that the “action [was] further based upon all of the factors included in the written report of Neel-Schaf-fer,” as well as oral presentations by Neel-Schaffer and comments made at Authority meetings.
 

 ¶ 18. In its amicus brief, Boudin Environmental contends that the Authority “essentially turned over to a private engineering firm the selection of the previously Happroved Class I sites to be removed from the Plan. This amounted to an unlawful delegation of a governmental function to a private entity.” We find this contention is wholly without merit. It is clear that the Authority considered several sources of information; furthermore, it is logical that an agency such as the Authority will rely on the expertise of engineering firms in making such decisions when confronted with a problem beyond the Authority’s scope of expertise. We find that the Authority did no more than that in this case. In fact, the Authority could not reach a unanimous decision as to whether to accept Neel-Schaffer’s recommendations in them entirety.
 

 
 *859
 
 ¶ 19. It is clear from the Authority’s minutes that it considered multiple factors in selecting the King site over other sites. Furthermore, the engineering reports, both from Neel-Schaffer and from the 2006 firm, show that there are substantial advantages to the King site over either Haas Trucking’s or Boudin Environmental's site. On the basis of the above, we conclude that the Authority’s decision was not arbitrary and capricious and was supported by substantial evidence.
 

 ¶ 20. This contention of error is without merit. Accordingly, the judgment of the circuit coui’t is affirmed.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.
 

 [1]
 

 . Boudin's Environmental Services, LLC, another company whose site was removed from the revised proposal, has filed an amicus curiae brief in this matter.
 

 [2]
 

 . Haas Trucking asserts four contentions of error, all of which we consider under the single conclusive issue of whether the revised proposal was valid.
 

 [3]
 

 . The Authority debated whether to adopt Neel-Schaffer’s recommendations completely but could not reach a consensus regarding whether to do so.
 

 [4]
 

 . The site with the greatest annual capacity was owned by DK Aggregate and was one of the three sites recommended by Neel-Schaf-fer in 2007. Testimony at the circuit court hearing indicated that the Authority was still considering using the DK Aggregate site as a regional facility. In any case, DK Aggregate has not joined the present appeal in any capacity.
 

 [5]
 

 . Boudin Environmental’s site was estimated to have half the annual waste capacity as the King site and a facility life of only fifteen to twenly years.